Tuhltly, J.
delivered the opinion ofyUhe court.
This is an action of forcible entry and detainer, brought by Bickford against Levett, to have restored to him the possession of the premises in dispute, a house and lot in Memphis. On the trial in the commercial and criminal court, it appeared that there is a clause in the lease from Bickford to Conant, under whom Levett claims as sub-lessee, by virtue of which Rickford reserved to himself, his heirs and assigns, in case the rent reserved by the lease should at#iy time be unpaid for the space oi sixty days after it was due, the right to enter and retain possession of said house and lot until all such arrearages should be paid, after which the tenant should again be let into possession. This action was brought to enforce the right of entry thus reserved by the terms of the lease.
There was no proof that the rent or any portion of it was in arrear at the time of bringing the suit, and the judge charged the jury that the tenant must prove that he had paid the rent or he would be guilty of the unlawful detainer, and that it was not necessary for the plaintiff to introduce any proof to show that the rent reserved had been paid: whereupon the jury found a verdict against the defendant, and judgment was given accordingly, and he appeals therefrom to this court. '
We cannot doubt that the charge of the judge is erroneous. It has been argued with much force and with a fair show of authority, that before the right of entry could accrue under this lease, the landlord must in the last hour of the last day fixed for the payment of the rent have demanded it from the tenant on the premises.
*620 When the non payment of the rent operates as a forfeiture of the lease, absolutely, the right of entry does not accrue to the landlord by reason of such non payment unless he demand the payment, as above, of the tenant, because it is a severe remedy, and not encouraged by law; but we are not now prepared to say that such is^jhe case when the non-payment does not work a forfeiture, and the right of entry is only given as a means of enforcing the payment, and the possession is to be restored upon the payment of the rent, as in this case.
But we are prepared to' say, that the non-payment of the rent is a condition precedent to the right of entry reserved by the lease in such case; that is, that there is no right of entry in this case until the rent has been in arrear for the space of sixty days. And that if the plaintiff then think proper to resort to this remedy instftid of his action for the rent he must show that he is entitled to it by proving that the rent has not been paid .within the time specified by law. But it is said that this would be requiring him to prove a negative; very well, if a man make his right by contract to depend upon his proving a negative, he must do so if he seeks to enforce his right; but in this case if it be preferred, we will hold not that he shall prove that the rent has not been paid; but that it is in arrears which is an affirmative proposition, and can no doubt be proven if true.
Let the judgment be reversed and the case remanded for a •'new trial.